UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 10-15281-BKC-PGH |
| MARC H. ROBERTS, | Chapter 7 |
| Debtor. _____/ | |
| EDIE LAQUER, et al., | |
| Plaintiffs, | |
| v. | Adv. No. _____ |
| ARTHUR FALCONE, MARC H. ROBERTS, et al, | (Removal from the Eleventh Judicial Circuit Court, Case No. 08-11213 CA 20) |
| Defendants. _____/ | |

## NOTICE OF REMOVAL

TO: CLERK OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, Arthur Falcone ("Falcone"), hereby removes the above-captioned action in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, *Edie Laquer, et al. v. Arthur Falcone, et al.*, Case No. 08-11213 CA 20 (the "State Court Action"), to the United States Bankruptcy Court for the Southern District of Florida, and upon such removal, requests that the action be assigned to the Honorable Paul G. Hyman, Jr. before whom the Debtor's Chapter 7 bankruptcy case is presently pending under the case captioned *In re Marc H Roberts*, Case No. 10-15281-BKC-PGH ("Bankruptcy Case"). In support thereof, Falcone states as follows:

2767282-2

1. On or about February 29, 2008, Plaintiffs Edie Laquer ("Laquer"), Ladies and Gentlemen, LLC and Laquer Corporate Realty Group, Inc. ("Plaintiffs") commenced the State Court Action when it filed its Complaint (the "Complaint") against Arthur Falcone, Marc H. Roberts, 150 NE 7th LLC, 701 NE 1st LLC, 701 NE 1st 44 LLC, 701 N Miami LLC, 701 N Miami 44 LLC, 701 N Miami 44B LLC, 13 Parcels LLC, 13 Parcels 44 LLC, 13 Parcels 44B LLC, 44 NW 11th LLC, 44 NW 11th 44 LLC, 44 NW 11th 44B LLC, 46 NE 10th LLC, 46 NE 10th 44 LLC, 46 NE 10th 44B LLC, 700 NE 1st LLC, 700 NE 1st 44 LLC, 700 NE 1st 44B LLC, Miami Auction Prop LLC, Miami Auction Prop 44 LLC, Miami Auction Prop 44B LLC, MR 44 MGR LLC, Commander Group LLC, Miami Ingraham Properties 44 LLC, Park West 44 LLC and Harcone 44 LLC (the "Defendants").

2. On or about September 15, 2008, Plaintiffs filed their Amended Complaint (the "Amended Complaint").

3. On or about April 15, 2009, Falcone filed Defendants' Amended Answer and Defenses to Amended Complaint and Falcone's and Roberts' Counterclaim (the "Amended Answer").

4. On March 2, 2010, Marc H. Roberts (the "Debtor") filed a Voluntary Petition for Relief with this Court under Chapter 7 of the Bankruptcy Code. The Debtor's Chapter 7 Bankruptcy Case is presently pending in this Court.

5. In their Complaint, Plaintiff alleges that since at least September, 2004, Falcone and the Debtor ("the Individual Defendants"), individually and through their formation of Defendants 150 NE 7th LLC, 701 NE 1st LLC, 701 NE 1st 44 LLC, 701 N Miami LLC, 701 N Miami 44 LLC, 701 N Miami 44B LLC, 13 Parcels LLC, 13 Parcels 44 LLC, 13 Parcels 44B LLC, 44 NW 11th LLC, 44 NW 11th 44 LLC, 44 NW 11th 44B LLC, 46 NE 10th LLC, 46 NE 10th

44 LLC, 46 NE 10th 44B LLC, 700 NE 1st LLC, 700 NE 1st 44 LLC, 700 NE 1st 44B LLC, Miami Auction Prop LLC, Miami Auction Prop 44 LLC, Miami Auction Prop 44B LLC, MR 44 MGR LLC, Commander Group LLC, Miami Ingraham Properties 44 LLC, Park West 44 LLC and Harcone 44 LLC (the "LLC Defendants"), have assembled certain properties, that the parties orally agreed to enter into a joint venture agreement with regard to these properties and others, and that Laquer is entitled to participate in the alleged oral joint venture, including sharing in profits or losses. Laquer alleges in her Amended Complaint that she has fully performed all of her contractual obligations, including but not limited to making all capital contributions requested by Defendants. Count II of the Amended Complaint, among other things, seeks "substantial" damages against the Debtor and Falcone for breach of the alleged oral joint venture. Defendants, including the Debtor, have filed a Counterclaim against Laquer.

6. Falcone herein seeks removal of the State Court Action because Roberts, one of the parties to the alleged oral joint venture which is the subject matter of the State Court Action, is now a Debtor before the Bankruptcy Court. The rights of the parties to the State Court Action are affected by the Roberts bankruptcy and should be adjudicated by the Bankruptcy Court. Falcone maintains that the bankruptcy of Robert effects a dissolution of the alleged oral joint venture, if one ever existed, and that the Bankruptcy Court should determine all issues set forth in the State Court Action, which is related to the bankruptcy case filed by Roberts. Any interest of Roberts in the asserted oral joint venture is now a potential asset of his bankruptcy estate owned by his bankruptcy trustee. The claims of Falcone and Laquer against Roberts are contingent and unliquidated and need to be adjudicated by the Bankruptcy Court. The removal will preserve judicial economy and allow the matter to be resolved timely and efficiently in one forum.

7. Pursuant to 28 U.S.C. §1452, "any claim or cause of action in a civil action" may be removed "to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. §1334(b) provides the district courts with "jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(e) provides that "[t]he district court in which a chapter 7 case is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of commencement of such case, and of property of the estate[.]"

8. The State Court Action is clearly "related to" the Debtor's bankruptcy case pursuant to §1334(b), and, therefore, is removable pursuant to 28 U.S.C. §1452. The Bankruptcy Court has "related to" jurisdiction of the State Court Action because the outcome of it could conceivably have an effect on the estate being administered in bankruptcy. *See Brickell v. Dunn (In re Brickell)*, 142 Fed. Appx. 385, 388-89 (11th Cir. 2005); *Delcon Constr. Corp. v. Bd. of Educ.*, 299 B.R. 60, 62 (S.D.N.Y. 2003) (quoting *Fed. Ins. Co. v. Sheldon*, 167 B.R. 15, 19 (S.D.N.Y. 1994). For these reasons, Falcone is entitled to remove the State Court Action as it is "related to" the Chapter 7 Bankruptcy Case.

9. As noted above, the State Court Action was filed on February 29, 2008, prior to the commencement of the Chapter 7 Bankruptcy Case. This Notice of Removal is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2) because it is being filed within 90 days after the order for relief in the Bankruptcy Case. The State Court case has been stayed with regard to the Debtor and the stay has not been terminated.

10. Because the State Court Action asserts claims against Falcone, a related entity to the Debtor, the State Court Action includes matters that are undeniably core matters under 28 U.S.C. §157(b)(2)(A), (B), and (O).

11. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), true and correct copies of all pleadings that were filed in the State Court Action are attached hereto as **Composite Exhibit A**. Falcone will supplement this Notice with copies of all process.

12. A copy of this Notice of Removal is being served on Plaintiffs' counsel and filed with the Clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Circuit Court") where this case was originally filed. A copy of the Notice of Filing of Notice of Removal (without exhibits), which will be filed with the Circuit Court, is attached as **Exhibit B**.

**WHEREFORE**, the Debtors hereby remove this case from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States Bankruptcy Court for the Southern District of Florida, and requests that the case thereafter be assigned to the Honorable Paul G. Hyman, Jr.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to

practice in this Court as set forth in Local Rule 2090-1.

Dated this 28th day of April 2010.

                              BERGER SINGERMAN, P.A.
                              Attorneys for Arthur Falcone
                              350 E. Las Olas Boulevard, Suite 1000
                              Fort Lauderdale, FL 33301
                              Telephone No.: (954) 525-9900
                              Facsimile No.: (954) 523-2872

                              By: ___/s/ Leslie Gern Cloyd_____
                                     Leslie Gern Cloyd
                                     Florida Bar No. 303305
                                     E-mail: lcloyd@bergersingerman.com
                                     Mitchell W. Berger
                                     Florida Bar No. 311340
                                     E-mail: mberger@bergersingerman.com