

**ORDERED in the Southern District of Florida on August 04, 2010.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re:

MARC H. ROBERTS

      Debtor.

_____/

Case No. 10-15281-BKC-PGH

Chapter 7

EDIE LAQUER, *et al.*

      Plaintiffs,

v.

ARTHUR FALCONE, MARC H. ROBERTS, *et al.*

      Defendants.

_____/

Case No. 10-02892-PGH
Adversary Proceeding

**ORDER GRANTING PLAINTIFFS' MOTION TO ABSTAIN, FOR
REMAND, AND FOR AN AWARD OF ATTORNEYS' FEES**

      This matter came before the Court on July 23, 2010, on Plaintiffs, Edie Laquer, an

individual ("Laquer"), Ladies & Gentlemen, LLC, a Florida limited liability company ("L&G"),

and Laquer Corporate Realty Group, Inc**.**, a Florida corporation ("LCRG"), *Motion To Abstain, For Remand And For An Award Of Attorneys' Fees* ("Motion to Abstain") [DE 12].

## OVERVIEW

Marc H. Roberts ("Roberts") is an individual debtor before this U.S. Bankruptcy Court. Case No. 10-15281-BKC-PGH, United States Bankruptcy Court for the Southern District of Florida (the "Roberts' Bankruptcy Case").   Specifically, on March 2, 2010, Roberts filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

Defendant Arthur Falcone ("Falcone") is not a debtor in the Roberts' Bankruptcy Case. Falcone is listed as a possible creditor on Roberts' bankruptcy schedules.  Falcone has not filed a proof of claim in the Roberts' Bankruptcy Case. See Claims Register in Case No. 10-15281-BKC-PGH, United States Bankruptcy Court for the Southern District of Florida.

Plaintiff Laquer is a creditor in the Roberts' Bankruptcy Case.   At all times relevant, Laquer was a real estate agent licensed in accordance with the law of the State of Florida. Laquer has not yet filed a proof of claim in the Roberts' Bankruptcy Case. See Claims Register in Case No. 10-15281-BKC-PGH, United States Bankruptcy Court for the Southern District of Florida.

Plaintiffs, L&G and LCRG are not listed as creditors in the Roberts' Bankruptcy Case. L&G and LCRG have not yet filed a proof of claim in the Roberts' Bankruptcy Case. See Claims Register in Case No. 10-15281-BKC-PGH, United States Bankruptcy Court for the Southern District of Florida.

**B.**     **The State Court Case**

One year and six months prior to the institution of the Roberts' Bankruptcy Case, on or about February 28, 2008, Plaintiffs initiated their state court case against Roberts and twenty-seven other defendants, including Falcone.   The complaint asserts exclusively state law claims for declaratory judgment and breach of contract. In their complaint, Plaintiffs demanded a trial by jury on all claims and issues so triable.   On or about September 15, 2008, Plaintiffs amended their complaint in the state court case. Like the previous complaint, the amended complaint seeks

relief exclusively based upon state law claims (declaratory judgment, breach of contract, breach of fiduciary duty and constructive fraud against twenty-seven defendants, including Falcone.  In addition, Plaintiffs again demanded a jury trial.  On April 15, 2009, Falcone answered the amended complaint and asserted a counterclaim for declaratory relief pursuant to Florida state law.  Several substantive matters have been argued in the state court case, including motions for summary judgment.

**C.**      **Non-Debtor Falcone Attempts to Remove the State Court Case to the Bankruptcy Court.**

On or about April 28, 2010, Falcone filed his Notice of Removal (the "Removal Notice"). The Removal Notice states that this Court has subject matter jurisdiction over the state court case and the claims and causes of action asserted therein pursuant to 28 U.S.C. § 1334(b) in that they are related to a bankruptcy case arising under Title 11 of the Bankruptcy Code.  The Removal Notice also asserts that the state court case is a core proceeding under  28 U.S.C. § 157(b)(2)(A), (B) and (O).

## ISSUES

1.      Whether this Court must abstain from hearing this action based on principles of mandatory abstention; and

2.      Whether this Court should abstain from hearing this action based on principles of discretionary abstention.

## DISCUSSION

### I.      Burden of Proof

Falcone as the removing party, bears the burden of proving that removal is proper. Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939); Diaz v. Shepperd, 85 F.3d 1502, 1505 (11th Cir. 1996)("On motion to remand, the removing party bears the burden of establishing jurisdiction"). In evaluating the propriety of a removal, "[t]he removal statute should be construed narrowly with doubt construed against removal." Id.; see also Bahr v. Nat'l Ass'n of Sec. Dealers, Inc., 763 F. Supp. 584, 587 (S.D. Fla. 1991)("[R]emoval statutes should be strictly

construed and if removal appears improper, the trial court, at any time before final judgment, must remand the action to state court").  In addition, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. <u>E.S. Bankest, LLC v. United Beverage Florida, LLC (In re United Container, LLC)</u>, 284 B.R. 162, 168 (Bankr. S.D. Fla. 2002). As discussed below, the Court finds that Falcone has not met his burden of proof and abstention is proper.

## II.    <u>Mandatory Abstention is Warranted</u>

Title 28, section 1334(c)(2)[1] directs that courts abstain from hearing state law claims, if:

1.    The claim has no independent basis for federal jurisdiction, other than § 1334 (b);

2.    the claim is a non-core proceeding (*i.e.*, related to a case under title 11, but not arising under or in a case under title 11;

3.    an action has been commenced in state court; and

4.    the action could be adjudicated timely in state court.

<u>Id.</u> at 171 (citations omitted).  As discussed below, the Court finds that the elements for mandatory abstention are present in this case.

### a.    No Independent Basis for Federal Jurisdiction Other than § 1334 (b)

Pursuant to Falcone's Notice of Removal, the basis for this Court's jurisdiction is 28 U.S.C. § 1334(b). No other basis for federal jurisdiction is invoked.  Thus, the first element for mandatory abstention is met.

### b.    The Claim is a Non-Core Proceeding and is Only Related to a Case Under Title 11

Falcone concedes that the claims asserted in the state court case are only related to a case under title 11, but asserts that the state court case is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B) and (O).  Specifically, Falcone states, "because the state court action asserts

---

[1] Title 28, § 1334 (c)(2) provides: "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

claims against, Falcone, a related entity to the Debtor, the state court action includes matters that are undeniably core matters…"  [DE 1 at pg. 5, ¶ 10).  In so doing, Falcone relies upon the catch-all provisions of 11 U.S.C. § 157 (b)(2)(A) regarding matters concerning the administration of the estate, and (b)(2)(O), which addresses other proceedings affecting the liquidation of assets of the estate.

The Eleventh Circuit has stated that, "[t]he most helpful explanation of what is a core proceeding, accepted almost universally by the courts, is found in the Fifth Circuit's decision in Wood v. Wood (In re Wood), 825 F.2d 90 (5th Cir. 1987). See Toledo v. Continental Nat. Bank of Miami (In re Toledo), 170 F.3d 1340, 1348 (11th Cir. 1999).  In Wood, the Fifth Circuit stated:

> If the proceeding involved a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

Wood, 825 F.2d at 97 (emphasis in original). See also Welt v. MJO Holding Corp. (In re Happy Hocker Pawn Shop, Inc.), 212 Fed. Appx. 811, 814 (11th Cir. 2006).  In Wood a shareholder of a corporation of which the debtor was the only other shareholder, sought to obtain redress for allegedly improper stock issued to, and dividends received, by the debtor-shareholder or the estate. The Fifth Circuit held that even though the court had jurisdiction pursuant to the "related to" prong of § 1334(b), the proceeding was non-core because it was "simply a state contract action that, had there been no bankruptcy, could have proceeded in state court." Wood, 825 F.2d at 97.

Under the test prescribed in Wood, the state court action at issue is a non-core proceeding. The allegations invoke state law causes of action. The proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of

bankruptcy.  Although this proceeding "may be *related* to the bankruptcy because of its potential effect, ... under section 157(c)(1) it is an 'otherwise related or non-core proceeding.'" Id. Accordingly, the second requirement for mandatory abstention is met.

>    c.    **Action Commenced in State Court Action**

It is undisputed that this action was commenced in state court on February 28, 2008. Thus, the third element for mandatory abstention is met.

>    d.    **The Action Can be Adjudicated Timely in State Court**

In E.S.Bankfest, Judge Mark noted that the "timely adjudicated in state court" element is properly interpreted by focusing on the effect of the proceedings on bankruptcy administration. 284 B.R. at 176.  Therefore, it is not necessary for the party seeking remand "to present specific, convincing proof that the proceedings would be tried sooner in the state court than in the federal district court." Id. at 174.  "[P]redicting when the proceeding will be tried is but one of the many factors to consider." Id.  In considering this factor, the Court finds that timely adjudication in the state court is not an issue in this matter.

As discussed below, the additional factors to be considered in determining whether allowing a case to proceed in state court would adversely affect the administration of a bankruptcy case[2] do not require a different result. First, as indicated by the Affidavit as to State Court Jury Trial Period attached as Exhibit A to the Motion to Abstain, there is no backlog of the state court trial calendar.  Second, the state court case was not in its preliminary stages when it was removed to this Court; on the contrary, the case is at issue and the state court has already ruled on several significant motions. Third, and in contrast to the state court case, the Roberts' Bankruptcy Case, having been filed only two months ago, is in its preliminary stages. Fourth, Falcone has not attempted to meet the unanimity requirement.  There are twenty-seven other

---

[2] The E.S. Bankfest court identified these factors as: (1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court prior to being removed (i.e., whether discovery had been commenced); (3) status of the bankruptcy case; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the underlying bankruptcy case is a reorganization or liquidation case. 284 B.R. at 174-175.

defendants in the state court action and none have indicated that they consent to the bankruptcy court entering a final judgment in this non-core case. Plaintiffs also do not consent.  Fifth, Plaintiffs have made a jury demand and, "unless all the parties consent, which they have not, the bankruptcy court would be unable to try these proceedings." Id. at 175. Sixth, this is a Chapter 7 liquidation case, not a reorganization.  Thus, the Court finds that the requirements of mandatory abstention are met.

### III.    Permissive Abstention is Warranted and Remand is Appropriate Pursuant to 28 U.S.C. § 1452(b).

The Court further finds that permissive abstention is also appropriate under the principles found in 28 U.S.C. § 1334(c)(1). "Under this commonly called discretionary or permissive abstention provision the courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law." E.S. Bankest, 284 B.R. at 176 (citations omitted). The Court also has "statutory authority to equitably remand these proceedings pursuant to 28 U.S.C. § 1452(b)." Id.

Section 1334(c)(1) provides, "[e]xcept with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect with State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S. C. § 1334(c)(1). This section "expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." St. Vincent's Hospital v. Norrell (In re Norrell), 198 B.R. 987, 998 (Bankr. N.D. Ala. 1996).

Section 1452 governs removal of claims related to bankruptcy cases. Pursuant to subsection (b), a court to which a claim is removed may remand such a claim "on any equitable ground." 28 U.S. C. § 1452.  Like § 1334(c)(1), "§ 1452(b) favors comity and the resolution of state law questions by state courts." Norrell, 198 B.R. at 997. "Together, sections 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial

of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334(b) and the litigation can be timely completed in state court." <u>Id.</u> at 998. "Because the statutes are similar in purpose and spirit, circumstances which weigh in favor of discretionary abstention or dictate mandatory abstention under the respective subsections of 1334(c), likewise weigh in favor of or constrain remand under section 1452(c)." <u>Id.</u>

In determining whether permissive abstention is appropriate under §1334(c)(1) the following factors are considered:

a.   the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised;
b.   the extent to which state law issues predominate over bankruptcy issues;
c.   the difficulty or unsettled nature of the applicable state law;
d.   the presence of related proceedings commenced in state court or other non-bankruptcy courts;
e.   the jurisdictional basis, if any, other than § 1334;
f.   the degree of relatedness or remoteness of the proceedings to the main bankruptcy case;
g.   the substance rather than the form of an asserted "core" proceeding;
h.   the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
i.   the burden of the bankruptcy court's docket;
j.   the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
k.   the existence of a right to a jury trial;
l.   the presence in the proceeding of non-debtor parties;
m.   comity; and
n.   the possibility of prejudice to other parties in the action.

<u>E.S. Bankest</u>, 284 B.R. at 176; <u>Norrell</u>, 198 B.R. at 995.

Applying these factors to this case, the Court finds that it should abstain and remand this proceeding to state court pursuant to §§ 1334(c)(1) and 1452(b).

**a.    Bankruptcy Administration is not Impacted**

As discussed above, because this is a chapter 7 liquidating case, adjudication of this action by the Bankruptcy Court will not aid in the efficient administration of the Roberts' bankruptcy estate.  The only potential effect (and that allegation is tenuous on these facts) of this

litigation is the recovery of additional assets for the benefit of Roberts' creditors; bankruptcy administration will not be impacted.

### b.  State Law Predominates

Further, no aspect of this case is governed by federal law, let alone bankruptcy law. There are no issues raised in this case which would require the Bankruptcy Court's expertise. As the court in Best Reception Sys., Inc. noted:

> Where a cause of action for monetary damages based primarily on state law can be litigated in state court without substantial delay and disruption to the orderly administration of the estate, the best forum for resolution of that action is state court, irrespective of whether the legal issues present unsettled questions of state law.

220 B.R. 932, 953 (Bankr. E.D. Tenn. 1998) (citation omitted). The state court is competent to handle state law causes of action and is arguably the best forum for deciding those issues. Furthermore, the Judge in the state court, having already entered rulings in this case, is necessarily familiar with and engaged in the case and the issues presented.

### c.  No Jurisdictional Basis Other than § 1334

As discussed above and as conceded in the Removal Notice, there is no jurisdictional basis other than "related to" jurisdiction under § 1334; and related to jurisdiction only exists because the outcome of the state court case could conceivably have an effect on the estate being administered in bankruptcy.

### d.  Substance of the Asserted "Core" Proceeding

As discussed above, notwithstanding Falcone's assertion, this is not a core proceeding under either § 157(b)(2)(A) or (O). This proceeding asserts only state law claims.

### g.  Jury Trial Demanded

Remand is also highly favored since three out of five of Plaintiffs' claims in the state court case provide for trial by jury. Plaintiffs have demanded, and have the right to a jury trial in the state court action, which means that unless all parties consent, the trial could not be conducted by this Bankruptcy Court. E.S. Bankest, 284 B.R. at 175.

**h.      Non-Debtor Parties**

Twenty-seven of the twenty-eight defendants in the state court action are non-debtors. The debtor-defendant has not sought removal.  Other than Falcone, no other defendant has consented to removal

**i.      Comity**

"Comity for the state courts and the general principle that cases arising under state law should generally be tried in the state court weigh in favor of permissive abstention." Id. at 177 (citation omitted).

**j.      High Degree of Remoteness of These Proceedings to the Main Bankruptcy Case**

Once again, the relatedness of this litigation to the main bankruptcy case is distant. It does not arise under title 11 or arise in a case under title 11. It merely is related to a case under title 11.  As such, "when a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling." Id. (citation omitted).  After reviewing the facts of this case, the Court finds that equitable considerations favor abstention and remand under §§ 1334(c)(1) and 1452(b).  Consequently, the Court will remand this case to Florida state court.


**ORDER**

The Court having reviewed the Notice of Removal, the Motion to Abstain, Falcone's Supplement to the Notice of Removal, the Trustee's Response to Falcone's Notice of Removal, Falcone's Response to the Motion to Abstain, having heard the arguments of counsel, and  being otherwise fully advised in the premises, holds that (i) abstention is mandatory; and (ii) permissive abstention is warranted.

It is therefore, **ORDERED** and **ADJUDGED** that:

1.      The Motion to Abstain is **GRANTED** and this matter is remanded to state court.

2.      All existing orders in this adversary other than this order are **VACATED**.

3.      The Clerk of Court is directed to close this case forthwith.

                                   ###


Copies furnished to:

Phillip Hudson, Esq.

Leslie Cloyd. Esq.